Martin Robles, Petitioner May it please the Court, and thank you for this opportunity. So now we turn to bail jumping. Yes. The petition was found removable under the aggravated felony provision 101-843-T, which has approximately, I'll say, five elements. A failure to appear before a court, pursuant to a court order, in order to answer to or dispose of a charge for a felony for which there is at least a two-year sentence. The conviction, the statute of conviction is 18 U.S.C. 3146. Significantly, the record does not bear out which subsection under 18 U.S.C. 3146 the petitioner was found to be convicted of. So if we take a look at 3146, I think it's significant to note, first of all, that it's very circumscribed, very narrow. It refers only to people who, having been released under this chapter, failed to appear. But there are two subsections, and I want to deal with A-2 first, 3146-A-2, because that one I think we can automatically eliminate. That one punishes a failure to surrender for service of a sentence pursuant to a court order. Obviously, that would not fall within the generic crime, which requires it to be to answer to or dispose of a charge. So I think we can eliminate A-2, although I would like to point out that it does have this magic phrase, pursuant to a court order, which I think is significant. It's not under A-1. And if the petitioner was convicted of anything, it would have to be under A-1. A-1 punishes a failure to appear before a court as required by the conditions of release. That phrase, pursuant to a court order, is not there. And as I think Judge Ikuta this week in a decision that she pointed out, that the use of different words or terms within the same statute means Congress intended something different by it. And so moving to so it's our position, Your Honors, that even with this complaint and the judgment, you can never find that this petitioner is admitted all of the elements in the generic statute under 101-A43-T, because, first of all, there's no pursuant to a court order requirement under A-1, and there's no requirement that it be to answer or dispose of a charge. The only requirement is that he or she fail to appear before a court as required by the conditions of release. But under the modified approach, though, why couldn't we make that determination by looking at the language of the information and the fact that she pled guilty to it? Because the information doesn't, I mean, in order to buy that, buy into that, you basically have to infer, you have to assume that, for example, so she failed to appear, so we have that requirement, before a court because it says having been directed to appear before the district court. But having been directed to appear before district court is nothing more than the statement that she violated the conditions of release. She was required to show up. The conditions of release are orders. But it's, I mean, I don't think that you can elevate the conditions of release into a court order. Well, what's the difference between conditions of release and the court order, technically or procedurally? Aren't the conditions of the release the court's order, or is it something different? I mean, how would you understand that? Well, I mean, first of all, since we're under the modified approach and we're under A-1, the government is never required to prove that there was a court order involved. And, I mean, why would Congress use under A-2 pursuant to a court order and not in A-1, which is only as required by the conditions of release? There's different words, but as a practical matter, is a condition of release ever not a court order? Is it ever not ordered by a court? Well, I mean, I think if we look at the statute of conviction, the statute of conviction, it actually refers to what the contents of a release order are. If you look at that, contents of the release order, which is 3142H, I believe, one of those one of the contents of a release order is not that the Petitioner has to show up in court. That's not responsive to the question. The question Judge Akuta asked you is, are there ever any circumstances in which a condition of release is not imposed pursuant to an order of the court? I would probably say, I guess I would have to answer that I don't think so. I mean, I don't know. I mean, I'm not a judicial officer. Do you practice any criminal law at all, counsel? Not that much, Your Honor. Well, then, I'm not sure I can ask you the question, because you probably wouldn't know the answer to it. But conditions of release are typically imposed at the initial appearance at which a bail and release determination is made. And that determination is made by a judicial officer, usually a magistrate. And the defendant is either remanded to custody pending trial on the charges, or the defendant is released on the order of the court subject to terms and conditions that are specified in the release order. And I am not familiar with any situation where a person is ever admitted to release without an order setting what those terms and conditions will be. Well, I mean, I think in order to reach that, though, you have to basically read out the pursuant to a court order requirement. I mean ---- Well, I see it in the information. I read it in the statute. I am told on the modified categorical approach that your client pled guilty. What more do I need to conclude by looking at the record before me that your client violated A-1? Well, because you're basically inferring that in connection with a charge, that satisfies to answer or dispose of a charge. I mean ---- I don't have a hard time making that logical conclusion. What more do I need? But I think under the modified categorical approach, you can't make that. I think that's an inference that you're making. Are we talking modified categorical approach or are we talking initial Taylor analysis? Under the modified categorical approach, why can't the judges look at admissible documents, including the judgment of conviction and so on, and the charge and the plea, and conclude that it was all done pursuant to a court order? Well, I mean, I think this kind of gets to what Judge Kaczynski has referred to in the past as to the distinction between a finding and a being required to find. I mean, in this case, the government is never required to establish that the failure to appear was pursuant to a court order and in order to answer to or dispose of a charge. Had the matter proceeded to trial, the government would have been required to show that as an element of the crime, would it not? Because it's included in the statute. Well, no, it's not included in the statute, at least not the provision that we're talking about. It's A-2 that has the requirement of being pursuant to a court order. Right? Okay. But it does say to appear before a court as required by the conditions of release. And I don't know of any condition of release that isn't set by the court. Well, I mean. It's the only entity that has the power to do that. I mean, again, though, I think that you still are kind of superimposing a square onto a triangle. I mean, it's not required under A-1. I mean, you're saying, well, conditions of release, that's the court order. It's close enough. Well, I guess what I'm trying to do is to understand why the legal technicality makes a difference here. Where common sense tells me, looking at the language of the statute and the admissible documents, that that's what happens. I mean, this is exactly what the court had, I think, in Lee v. Ashcroft, the $10,000 requirement. The problem with it is that even though you had a judgment and you had a complaint or, excuse me, a judgment and a complaint, the court there said we're especially reluctant to rely solely on the charging document and the judgment to establish the fact that the government was not required to prove and the jury was not required to find. You don't have to find that she failed to appear in order to answer to or dispose of a charge. You have to find that there was a condition of release. Exactly. And the only way a condition of release can be established is by a court ordering the condition. Well, I don't think that you can. I mean, in light of the government's burden of proof, I don't think that you can get there based on that. I think that you're making an inference, Your Honor. But I would save some time for that. I would. Thank you, Your Honor. Your Honors, I think what is happening here is that there's a real question. Well, first of all, the government believes that this falls under the categorical approach and this bail jumping. And it appears, though, that the Petitioner is trying to somehow say that this is a factual issue. And if you're saying you're just going to rest on the categorical approach, would that be categorical? The categorical – well, we would say that the categorical approach should control here. But even if you go to the modified categorical approach, we have a defendant – this Petitioner was convicted in 92. She doesn't appear. Then in 98, she was convicted for bail jumping. You don't really mean that the categorical approach could apply, right? Because under T, it requires a sentence of two years' imprisonment, and 3146 allows a penalty of not more than one year of misdemeanor? So that is true, but that is correct, Your Honor. But there's no – there's no – she – if she's alleging that this is a factual situation, then it's controlled by – the review is controlled by substantial evidence, and there's substantial evidence in the record to show that this is a single defendant case. And she's never come forward with any of these arguments to back up any of the arguments that, oh, I was just being called to be a witness or I was being called to – for something else at all. And the burden would have been on her to show that the evidence in the record compels the contrary conclusion to that reached by the immigration judge and the board. So – How does that square with the – the theory of the categorical approach is you don't go beyond the statute of conviction. That's correct. So here there – you would concede that there are circumstances under which there would be facts that you could be convicted under the statute under circumstances that wouldn't fit, right? Well, the government believes that the categorical approach or the modified categorical approach, applying either or both in this instance, the immigration judge and – whose decision was affirmed by the board – made the proper decision in finding that this Petitioner is an aggravated felon based on the statute regarding bail chomping and – But that can't be based on a – on simply a categorical view, can it? Because if I read the language of the statute, it includes a misdemeanor provision. And as I understand the immigration regulation or the statute, it has to be punishable by two years' imprisonment. That's correct. So under the categorical approach, you couldn't possibly get there if you just look at the language of the statute without knowing more about the circumstances surrounding this alien's conviction, right? Well, if we go to the modified – No, no. I'll get you there. Just – just listen to the question. So do you agree with what we're – what we're asking you here, that under the strict Taylor approach, before you get to the modified categorical approach, you couldn't make the determination by just looking at the language of the statute? It's broader than what the INS or the Immigration Act requires or permits. Well, it – whoever has been released under this chapter knowingly fails to appear before a court as required by the conditions of release and fails to surrender shall be punished as provided in Section B of this section. Right. But Section B of this section includes everything from offenses for which bail jumping is punishable by five years, offenses for which they're punishable by two years, and offenses which are punishable as a misdemeanor. Okay. So we do have a problem there. Yes. Yes. Okay. So then we – Okay. So we admit it. We admit it. All right. Okay. Okay. So it's – the categorical approach is up to you. Okay. Now modified. Okay. I think Judge Tolman has some questions on the modified approach. The modified categorical approach, if we look at the document, we have a single defendant here. Irma Renteria Morales is the only defendant in this information that discusses after having been released and in connection with a charge of possession to – with having been directed to appear before the district court willfully did fail to appear as required. Where does it say pursuant to a court order? Because that's the standard in Section T. Yes. Pursuant to a court order because here we have a court order. Where's the court order? Well, there's not – I think it's implicit here that there was a court order. So we start – we start – no, let's take it one step at a time. There is no court order in the record, correct? No. We just have this information. All right. So then we get to can we presume there's a court order? Yes. Is that where we are? Yes. Tell me why you think we should presume there's a court order. Presume there's a court order because she's the only defendant in the case and looking at this that she was in connection with a charge of possession with intent to distribute marijuana. If it had been something else, that would have been in here, would it not? I – the government's position is that it would have been in there. It's – she's been released in connection with a charge of possession with intent to distribute marijuana. And that would have – she would have been released on the order of the district court, and her – she's pled guilty to this, an offense punishable by imprisonment of not more than 5 years, and she's been directed to appear, and then she fails to appear. Where's the order in the record that she was directed to appear? We assume. Yeah. Yeah. We do not have that. So basically we have to make an inference, do we not? That's correct, Your Honor, that there was a court order that she be released, that somebody just didn't tell her she was released and she walked out. Can we look at another statute in order to determine whether or not the condition would have to have been imposed by an order? I'm looking at the provisions in Title 18 that basically govern release and detention pending judicial proceedings, which begins with 18 U.C. Section 3141. And, for example, 3141B – or, excuse me, yeah, 3141A says, pending trial, a judicial officer authorized to order the arrest of a person under Section 3041 before whom an arrested person is brought shall order that such person be released or detained pending judicial proceedings under this chapter. And then it goes on to set out the statutory authority by which the judge can set conditions of release. The answer is yes. So under the modified categorical approach, we can look at the law of detention and release in order to conclude that a condition of release, by definition, must be ordered by a judicial officer. Yes. And where is that in your brief? Or the IJ's opinion? Or in a case? It's not. Well, I mean, the other thing is we just don't know. I mean, it would be logical to assume that there is an order that sets forth a condition of release, but there are conditions of release in which some conditions have been delegated in the past to other people, probation officers and so forth. It may or may not be an issue. Well, as we did say in our brief, we believe that the immigration judge correctly applied the INA and correctly interpreted the INA. If the court were to find against us, then the court would find that it has jurisdiction and that she's not removable or ineligible for cancellation of relief. So it's very difficult when you have a case like this where someone is convicted and then it, you know, it takes years to bring that person to justice again. So it is a serious matter, and we would certainly urge the court to consider deciding in the government's favor using the modified category. It's always difficult under the Taylor analysis. We understand that. That's what the Supreme Court set out was that the Supreme Court did not want collateral trials on what happened. And so that's why it relies on the judicially noticeable document. It cuts both ways. It protects the government because the defendant can't come in and say, no, this never happened. It protects the defendant because for the same reason, and it prevents a lot of collateral litigation. But it's a tough rule when you're standing as you are looking at what's in the record. The difficulty I have is that the IJ makes a finding that the respondent, after having been released on bail, failed to appear before the district court for the purposes of the hearing. And I'm not sure that that really is supported in the strict record of this case. We can infer it, but I'm not sure the documents say that. Is it really just a matter of logical inference you think we ought to draw? I think logical inference regarding the hearing and that term, because almost anything coming before a court is a hearing on something, on some matter. Okay. Thank you, counsel. And she is the only defendant. Thank you. Just a couple of real quick points, Your Honor. I'm a little shocked that the government is even defending this IJ opinion. The IJ opinion, if you take a look at it, it's at 38. It refers to the ground of removability for a crime of moral turpitude. It refers to 101-842-T, 101-842-C. These provisions don't exist in any version of the act I have. 101-423-T, that's on page 39. 101-423-T. I mean, this decision is, I mean, it's a mess, to say the least. And I think you're right, Your Honor. The judge says it appears the respondent was ordered to appear. It appears as an inference. She's guessing just like you're going to have to. And I respectfully disagree with Judge Tolman, Your Honor. The fact that Congress said, as required by the conditions of release under 8-1, but then said something totally different under 8-2 has to mean something. So I don't think you can automatically equate pursuant to a court order to mean conditions of release. Otherwise, why would they use different language? And I think also, Your Honor, just a touch on the ---- I think you have not seen the order setting the conditions of release in your client's case. No, I haven't, Your Honor. It doesn't exist in the record. To the court record. Right, right. I did not. It's, in fact, an order setting conditions of release. I did not, Your Honor. You're absolutely right. And was there any other ---- Neither did your opponent. Yeah. To my benefit. Thank you. Now, if she's the only defendant in the case, and given the information and the plea, why isn't that a fair inference that it was based on a conditions of release? Well, because if you look at the information that says that she, having been released under this chapter in connection with a charge of possession with intent, you have to assume that that means that she appeared in order to answer to or dispose of a charge. But really what that does is that simply sets out the sentence under 3146B1A2i. That simply identifies what the sentence is going to be. It doesn't refer to what type of hearing she was directed to appear to. So I don't ---- In connection with a charge to mean that she was facing prosecution for possession with intent to distribute marijuana? No, I agree that it relates to that offense. But in the information, when it says in connection to, it simply means it's simply identifying the level of punishment under B1A2. I don't think that it's telling us ---- You don't think we can read it that when it goes on to say that she's been directed to appear to the district court on July 20, 1992 and willfully failed to do so, that it had anything, that it didn't have anything to do with possession with intent? I have no doubt that it had to do with it. But I know, but the government didn't have to prove that it was in order to answer to or dispose of a charge as required by the generic crime. And the purpose of the modified approach is for us to, is for the record to unequivocally demonstrate that she admitted to all of the elements under the generic crime, which in this case, I don't think you can because two of the elements are missing in the statute of conviction. And I've gone over, so thank you, Your Honor. Thank you so much. Thank you both for your arguments. The case, as heard, will be submitted.
judges: Thomas, Tallman, Ikuta